UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUTH APPLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CSAA GENERAL INSURANCE COMPANY dba AAA INSURANCE; CSAA INSURANCE EXCHANGE dba AAA INSURANCE, inclusive,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01093-RFB-DJA<br><br>**ORDER** |

　　　This is an insurance bad faith case arising out of Defendants' denial of Plaintiff's uninsured motorist claim. Plaintiff sues Defendants, alleging that their chosen doctor's opinion was biased against Plaintiff. Plaintiff moves to compel third-party Dane Street, LLC to respond to her subpoena, arguing that Defendants hired Dane Street to choose the biased doctor. Because the Court finds that the dispute over the subpoena is not properly in front of it, it denies Plaintiff's motion without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.　　Background.**

　　　After unsuccessful discussions between Plaintiff and Dane Street about Plaintiff's subpoena, Dane Street filed a motion to quash in the District of Massachusetts, where the subpoenaed deposition was scheduled to take place. Following a hearing, the Massachusetts court determined that the motion to quash was moot, and Plaintiff asserts that the court "requested" Plaintiff to bring the motion in the District of Nevada. Plaintiff then filed the instant motion to compel.

　　　In response, Dane Street asserts that the District of Nevada is not the appropriate venue to bring Plaintiff's motion to compel under Rule 45. Alternatively, Dane Street argues that this Court

should deny the motion to compel and grant Dane Street its attorneys' fees and costs.  In her reply Plaintiff agrees that this Court is not the appropriate venue.  Plaintiff then perplexingly asserts that she only seeks "substantive decisions relating to the scope of the subject Subpoena from this Court.  Should Dane Street continue to fight Plaintiff after this Court makes it['s] decision, Plaintiff will be able to use this Court's Order and seek compliance in Massachusetts."

**II.     Standard.**

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  When the discovery at issue is a subpoena on a nonparty, Rule 45 governs.  Fed. R. Civ. P. 45.  "It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, No. 2:10-cv-01385-JCM-PAL, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011).

**III.    Discussion.**

This Court denies Plaintiff's motion to compel because the dispute over the subpoena is not properly in front of it.  Under Rule 45, "a subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2).  While the court where the action is pending issues subpoenas, the authority to adjudicate a motion to compel arising out of those subpoenas is vested with the court where compliance is required.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district where compliance is required for an order compelling production or inspection"); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where discovery is or will be taken").

Rule 45 also provides a vehicle for transferring motions to compel or quash to the issuing court: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." *See* Fed. R. Civ. P. 45(f).  The party seeking a Rule 45(f) transfer bears the burden of showing that exceptional circumstances are present.  *See Argento v. Sylvania Lighting Services Corp.*, No. 2:15-cv-01277-JAD-NJK, 2015 WL 4918065, at *3-4 (D.

Nev. Aug. 18, 2015). Whether to transfer a subpoena-related motion is committed to the discretion of the court where compliance is required. *See id.*

Relatedly, the doctrine of federal comity permits one district to decline judgment on an issue which is properly before another district. *See Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 749 (9th Cir. 1979) (overruled on other grounds by *Animal Legal Defense Fund v. U.S. Food & Drug Administration*, 836 F.3d 987 (9th Cir. 2016)). The Southern District of California has applied this doctrine in refraining from ruling on subpoena disputes while those disputes were in front of the District of Maryland. *See Allied World Assurance Co., Inc. v. Ameritox, Ltd.*, No. 14cv0557-BAS(KSC), 2014 WL 12513879, at *103, (S.D. Cal. July 11, 2014). There, the court waited until the District of Maryland had transferred the disputes to it under Rule 45—and the disputes were thus properly in front of it—before deciding them. *See id.*

Here, Plaintiff's motion to compel is not properly in front of this Court and thus, the Court denies it. Although the subpoena issued from this Court, the District of Massachusetts—the court where compliance is required by Dane Street—has the authority to adjudicate disputes arising out of it. Although Plaintiff argues that the District of Massachusetts Judge "requested" Plaintiff to bring her motion to compel in this Court, the docket does not reflect that request. Even if it did, Plaintiff has failed to follow the proper procedure to bring her motion here.

Under Rule 45, Plaintiff's remedy would have been to bring her motion to compel in the District of Massachusetts and seek to transfer that motion. Plaintiff's responsibility to show exceptional circumstances is to the District of Massachusetts, not this Court. And the discretion to transfer based on those circumstances belongs to the District of Massachusetts, not this Court.

The doctrine of federal comity also applies here. Under that doctrine, this Court declines judgment on Plaintiff's motion because it is only properly brought before the District of Massachusetts. A*llied World Assurance Co*, is persuasive here. Similar to the *Allied* court's decision to refrain from deciding subpoena disputes under the doctrine of comity, here, the Court will refrain from deciding this dispute until it is transferred, and thus properly in front of this Court. To the extent Plaintiff seeks "substantive decisions relating to the scope of the subject Subpoena," that request improperly asks this Court to impede on a decision before another court and violates

comity.  The Court thus denies Plaintiff's motion to compel.  And because the Court is refraining from deciding the motion to compel—rather than denying it on its merits—it also denies Dane Street's request for sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 57) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Dane Street's request for sanctions in its opposition (ECF No. 62) is **denied** without prejudice.

DATED: July 29, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE